UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-23-TLS |
| | ) | |
| DEREK DAVENPORT | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant Derek Davenport's objection to the Presentence Investigation Report's classification of the Defendant as a career offender. The Government agrees with the probation officer's conclusion that the Defendant is a career offender, specifically that his conviction for child molesting is a crime of violence and thus one of two predicate offenses. The parties have presented their arguments to the probation officer and desire this Court to resolve the objection before sentencing.

**BACKGROUND**

On March 24, 2011, the Government filed an eight-count Indictment against the Defendant. Counts 1, 2, 3, and 4 charge that the Defendant possessed with intent to distribute a controlled substance, namely marijuana, in violation of 21 U.S.C. § 841(a)(1). In Count 5, the Defendant is charged with violating 18 U.S.C. § 924(c) when he knowingly carried a firearm during and in relation to the drug trafficking offense charged in Count 2 of the Indictment. Counts 6, 7, and 8 charge that the Defendant, a convicted felon, possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

On May 11, 2011, the Defendant entered guilty pleas to Counts 1–8 of the Indictment, and on June 1, the Court adopted and accepted the Magistrate Judge's Report and

Recommendation and adjudged the Defendant guilty of the offenses charged in the Indictment. On July 22, the probation officer prepared a draft Presentence Investigation Report (PSR), and on August 5, the Defendant advised the probation officer that he objected to certain language and findings pertaining to his criminal history. The Defendant believes that the description of his child molesting offense, taken from the state's charging instrument, should not be included in the PSR. In addition, the Defendant argues that he should not be sentenced as a career offender under Guideline § 4B1.1 because his 2006 Indiana conviction for child molesting is not a predicate offense. The Government asserts that the Defendant's position regarding his conviction does not have merit because, although strict liability offenses may not qualify as crimes of violence, his child molesting conviction was not such an offense.

**ANALYSIS**

The career offender portion of the Sentencing Guidelines provides that a defendant is a career offender if (1) he as at least eighteen years old at the time he committed the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, of threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a), Definitions of Terms Used in Section

2

4B1.1. The Application Notes to § 4B1.2 give further examples of crimes of violence. One such example is "forcible sex offenses." U.S.S.G. § 4B1.2, Application Note 1.

The Defendant's prior offense will constitute a violent offense under § 4B1.1 if it contains an element requiring physical force, meets the list of offenses, or "otherwise involves conduct that presents a serious potential risk of physical injury to another." The proper approach to determine whether a given state law constitutes a violent felony is the categorical approach. *Begay v. United States*, 553 U.S. 137, 141 (2008). The categorical approach involves considering the offense generically, "examin[ing] it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.*; *see also Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011) (explaining that a court considers "whether the *elements of the offense* are of the type that would justify its inclusion [as a violent felony] without inquiring into the specific conduct of th[e] particular offender") (quoting *James v. United States*, 550 U.S. 192, 202 (2007)).

The Defendant was convicted of violating the 2005 version of Indiana Code § 35-42-4-3(b), which punished the crime of "child molesting" as follows:

> (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:
> (1) it is committed by a person at least twenty-one (21) years of age;
> (2) it is committed by using or threatening the use of deadly force or while armed with a deadly weapon;
> (3) it results in serious bodily injury; or
> (4) the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.
> (b) A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits

> child molesting, a Class C felony. However, the offense is a Class A felony if:
> (1) it is committed by using or threatening the use of deadly force;
> (2) it is committed while armed with a deadly weapon; or
> (3) the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.
> (c) It is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct.

Ind. Code § 35-42-4-3. When the law under which the defendant has been convicted contains statutory phrases that cover several different crimes, some of which involve conduct that qualifies as violent and some of which would not, the "modified categorical approach" permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record. *United States v. Dismuke*, 593 F.3d 582, 589 (7th Cir. 2010). The trial record includes charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *United States v. McDonald*, 592 F.3d 808, 810–11 (7th Cir. 2010). "This modified categorical approach does not, however, inquire into the factual specifics of the defendant's conduct; the point of the expanded inquiry is not to consider what the defendant in fact did but to determine which category of crime the defendant committed." *Dismuke*, 593 F.3d at 589 (citing *United States v. Woods*, 576 F.3d 400, 405–06 (7th Cir. 2009)).

The Indiana statute is divisible in that it defines different categories of child molesting. It is a class C felony if it involves touching with intent to arouse or to satisfy the sexual desires of either the child or the older person, a class B felony if it involves sexual intercourse or deviate sexual conduct, and a Class A felony where the crime involves certain aggravating factors, such as "by using or threatening the use of deadly force or while armed with a deadly weapon." Ind.

Code § 35-42-4-3. The PSR states that the Information filed in the Defendant's child molesting case charged that he "did submit to touching with a child under the age of fourteen years, to wit; with the intent to arouse or satisfy the sexual desires of the child or himself by having said child play with his penis." (PSR ¶ 103.) The Defendant objects to the inclusion of the language in paragraph 103.

The Court finds, and the parties do not appear to dispute, that the Defendant violated subsection (b) of the Indiana child molestation statute, referencing fondling or touching with the intent to arouse or to satisfy sexual desires. In making this finding, it was not necessary for the Court to reference the language set forth in paragraph 103 of the PSR. Although the PSR does not state whether the Defendant was convicted of a class C felony, Counts 6, 7, and 8 of the federal Indictment in this case—charging the Defendant with being a felon in possession of a firearm—specifically identify his prior child molesting conviction as a class C felony. The Defendant has pled guilty to these charges and thus there is no dispute regarding the specific statutory phrase that was the basis for the conviction. The PSR should be revised to reflect that the child molesting conviction was for a class C felony without reference to the language contained in paragraph 103.

Child molesting under Indiana Code § 35-42-4-3(b) does not contain an element requiring "physical force," which the Supreme Court has stated refers to "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010) (interpreting the term physical force as it is used in the Armed Career Criminal Act). Nothing in the elements of Class C felony child molesting requires "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §

4B1.2(a)(1). The touching that is punishable under § 35-42-4-3(b) need only be with the intent to arouse or satisfy sexual desires and be with a person under the age of fourteen. In addition, child molesting is not among the specific list of offenses in Guideline § 4B1.2(a)(2). Accordingly, to be considered a crime of violence under the Guidelines, the offense must fit within the residual clause of § 4B1.2(a)(2), which is directed at crimes that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

In *Begay*, the Supreme Court understood the "otherwise involves" language of § 924(e)(2)(B)(ii) of the Armed Career Criminal Act (ACCA) to cover only crimes "similar" to burglary, arson, extortion, and explosives offenses in the sense that they involve "purposeful, violent, and aggressive conduct." 128 S. Ct. at 1586.

> To put it more succinctly, after *Begay*, a residual-clause predicate crime must (1) present a serious potential risk of physical injury similar in degree to the enumerated crimes of burglary, arson, extortion, or crimes involving the use of explosives; and (2) involve the same or similar kind of "purposeful, violent, and aggressive" conduct as the enumerated crimes.

*Dismuke*, 593 F.3d at 591.[1] The residual clause is limited to crimes "typically committed by those whom one normally labels armed career criminals, that is, crimes that show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Sykes*, 131 S. Ct. at 2275 (quotation marks omitted); *Begay*, 553 U.S. at 146. "In general, levels of risk divide crimes that qualify from those that do not." *Sykes*, 131 S. Ct. at 2275. "In many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk, for crimes that fall within the former formulation and those that present serious

---

[1] The Seventh Circuit has held that the *Begay* Court's interpretation of § 924(e) applies to the career-offender Guideline, § 4B1.1, which contains identical language. *United States v. Templeton*, 543 F.3d 378, 380–81 (7th Cir. 2008).

potential risks of physical injury to others tend to be one and the same." *Id.*

The Government's response to the Defendant's objection, as it is set forth in the Addendum to the PSR, focuses on the "purposeful" element of the residual clause. Specifically, the Government argues that Indiana Code § 35-42-4-3(b) is not a strict liability offense. The Court agrees that, because the crime of child molesting must be with the specific intent to arouse or satisfy sexual desires, *see Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011), and because the statute recognizes as a defense an accused person's reasonable belief that the child was sixteen years of age or older at the time of the conduct, Ind. Code § 35-42-4-3(c), it requires purposeful conduct. *Cf. United States v. McDonald*, 592 F.3d 808, 815 (7th Cir. 2010) (holding that because Wisconsin's offense of second-degree sexual assault of a child was a strict liability offense it was not categorically purposeful in the sense required by *Begay*). However, because class C child molesting does not involve the same kind of violent and aggressive conduct as the enumerated crimes or otherwise create a substantial risk of bodily injury, it is not a predicate offense under the career offender provision of the Guidelines.

"Perform[ing] or submit[ting] to any fondling or touching" with the intent to arouse or satisfy the sexual desires of either the child or the adult, absent one of the additional factors that would elevate it to a class A felony, does not present a serious potential risk of physical injury similar in degree to the enumerated crimes of burglary, arson, extortion, or crimes involving the use of explosives. Neither is fondling or touching with the intent to arouse or to satisfy sexual desires "characterized by aggressive conduct that carries the genuine potential for violence and thus physical injury to another." *Dismuke*, 593 F.3d at 594 (stating that the "'violent and aggressive' requirement is a descriptive phrase and focuses on the character of the conduct

7

encompassed by the elements of the crime, not the elements themselves"). That is, the offense does not categorically involve the type of violent and aggressive conduct that is potentially at issue when an offender uses explosives, commits arson, burglars a dwelling or residence, or engages in certain forms of extortion. On this point, the Court agrees with the Fourth Circuit's reasoning in *United States v. Thornton*, 554 F.3d 443 (4th Cir. 2009), where the court held that a conviction under a Virginia statutory rape statute was not a "violent felony" for purposes of the ACCA:

> Although nonforcible adult-minor sexual activity can present grave physical risks to minors, and although states are entitled to criminalize nonforcible adult-minor sexual activity to protect minor victims from these risks, such risks are not sufficiently similar, in kind as well as in degree of risk posed to the examples listed in § 4B1.2(a)(2).

*Id.* at 449 (quotation marks omitted). The Court is aware that circuits are split in their treatment of child molestation offenses as predicate crimes of violence. *Compare United States v. Christensen,* 559 F.3d 1092, 1095 (9th Cir. 2009) (holding that a Washington state felony was not a violent crime because statutory rape may involve consensual sexual intercourse and thus does not necessarily involve either violent or aggressive conduct) *and United States v. Harris*, 608 F.3d 1222, 1233 (11th Cir. 2010) (finding that because conviction for sexual battery of a child under the age of sixteen involved a statute that imposed strict liability and covered a broad range of conduct, the court could not say that a violation typically involved purposeful, violent, and aggressive conduct such that it constituted a crime of violence under the ACCA's residual clause) *with United States v. Daye*, 571 F.3d 225, 234–35 (2d Cir. 2009) (finding that crimes that involve a sexual act with a minor typically involved purposeful, violent, and aggressive conduct) *and United States v. Cadieux*, 500 F.3d 37, 46 (1st Cir. 2007) (holding that even though a sex

8

crime involving indecent touching of a child did not have an obvious analogue in the enumerated crimes in the ACCA, the "substantial likelihood of physical injury inherent in indecent sexual contact crimes by an adult with a child presents at least as much risk as burglary"). Indeed, the Eight Circuit recently held that a prior version of Indiana's current class C child molestation provision qualified as a violent felony under the residual clause of the ACCA. *See United States v. Scudder*, — F.3d —, 2011 WL 3331823 (8th Cir. Aug. 4, 2011). The *Scudder* court, relying on its previous holding in *United States v. Mincks*, 409 F.3d 898 (8th Cir. 2005), held that sexual contact between parties of differing maturity carries a substantial risk that the molester will use physical force on the child, and that this is categorically similar in risk to the crimes listed in the ACCA's residual clause. 2011 WL 3331823, at *2. The *Scudder* court provides no basis for its assertion that the offense at issue carries a substantial risk that physical force will be used. Although some violations of the statute could involve such force, it is not an inherent risk. To the contrary, because a child is physically weaker and emotionally less mature, physical force may not be necessary to accomplish the adult's agenda—an agenda the child may not even comprehend. Indeed, a conviction for class C child molesting "requires merely touching with intent to arouse or satisfy sexual desires," and this touching need not be to the breasts or genitals. *Bass*, 947 N.E.2d at 460 (upholding child molesting conviction where the defendant, "wearing only sleep shorts, woke [the child] during the night, told her to entertain him, and threatened to take off his shorts if she did not do so . . . then rubbed [the child's] entire back and sides, told [her] to feel a rash on his inner thigh, and took off his shorts"). In comparison, the statute at issue in *Mincks*, second-degree statutory rape and second-degree statutory sodomy, involved sexual intercourse and deviate sexual intercourse. Similar activity is criminalized in Indiana as a class B

9

felony in a separate provision from the one the Defendant was convicted of violating. The Court expresses no opinion on whether those particular offenses would constitute violent felonies under the Guidelines.

"[I]n the absence of detailed statistical information that is unlikely to be available, the best [the Court] can do is use common sense and experience to determine the variety of crimes a statute would cover, and to decide whether, in the ordinary, typical case, a statute applies to conduct that is categorically violent or aggressive in ways similar to the examples in § 4B1.2(a)(2)." *United States v. Sonnenberg*, 628 F.3d 361, 366 (7th Cir. 2010). The parties present no statistics. Applying common sense, there is no reason to believe that class C child molesting typically creates a substantial risk of physical injury that is categorically similar in risk to the crimes listed in the ACCA's residual clause or involves the same or similar kind of violent and aggressive conduct as the enumerated crimes. The Sentencing Commission appeared to recognize in the career offender Guideline section that not all sex crimes should be considered violent for purposes of determining if a defendant is a career offender. The Application Notes to § 4B1.2. include "forcible sex offenses" as an example of a violent felony, but do not include other sex offenses. By comparison, in Application Note 1(B)(iii) to U.S.S.G. § 2L1.2, which defines a "crime of violence" that will increase the offense level for an alien convicted of unlawfully entering or remaining in the United States, the Commission also listed "forcible sex offenses," but added "statutory rape" and "sexual abuse of a minor." Likewise, the structure of Indiana's child molesting statute shows that the Indiana General Assembly considers different types of sexual contact and the varying circumstances under which the contact takes place to present different levels of risk that are punishable in different ways. Class C child molesting, by

definition, does not involve the use of force and does not support an inference that the typical instance of the offense is violent and aggressive. It is not the kind of offense that shows "an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Begay*, 128 S. Ct. at 1587. The Defendant's Indiana conviction for class C child molesting does not meet the definition of a crime of violence under § 4B1.2.

## CONCLUSION

For the reasons stated above, the Defendant's objections are SUSTAINED. The probation officer is DIRECTED to revise the PSR in accordance with this Opinion and Order.

SO ORDERED on September 21, 2011.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT